

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-14-2008

# USA v. Lopez-Arias

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5001

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Lopez-Arias" (2008). *2008 Decisions.* Paper 1757.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1757

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5001

UNITED STATES OF AMERICA

v.

RICHARD LOPEZ-ARIAS
a/k/a OSWALD ACEVES
a/k/a TOMATO

Richard Lopez-Arias,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 05-cr-00259-1
District Judge: Honorable Jerome B. Simandle

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 5, 2007

Before: SCIRICA, *Chief Judge*, AMBRO and JORDAN, *Circuit Judges*.

(Filed: January 14, 2008)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Richard Lopez-Arias appeals his criminal sentence and conviction. We will affirm.[1]

Lopez-Arias pleaded guilty to a two-count indictment charging conspiracy to distribute and possession with intent to distribute five hundred or more grams of cocaine under 21 U.S.C. §§ 841(a)(1), 846 and to carrying a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). Refusing the Government's proposed plea agreement, Lopez-Arias chose instead to enter an open plea of guilty. Defense counsel discussed with Lopez-Arias the proposed plea agreement, as well as his right to a jury trial and the risks associated with trial and with entering an open plea. Defense counsel objected to the original pre-sentence investigation report, and the guideline range calculation was modified.

In entering his guilty plea, Lopez-Arias agreed that one of his co-conspirators possessed firearms during the drug transaction, although he denied having knowledge of the firearms at the time of the transaction. Lopez-Arias also agreed the Government could prove beyond a reasonable doubt the presence of firearms was reasonably

_____

[1]Lopez-Arias' attorney filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw as court-appointed counsel. Lopez-Arias filed a pro se brief with this Court on June 30, 2006.

foreseeable in light of the quantity of drugs and money involved.[2]  The District Court

imposed a sentence of 135 months incarceration.

Our review reveals defense counsel thoroughly considered all plausible bases for

appeal.  Counsel examined at length the factual basis for Lopez-Arias' plea, including

Lopez-Arias' admissions regarding the presence and foreseeability of firearms during the

drug transaction given the quantity of money and drugs involved.  Here, Lopez-Arias

---

[2]The transcript of Lopez-Arias's plea hearing on June 14, 2005, contains the following exchange before the District Court:

| | |
|---|---|
| Court: | [D]o you agree that it was reasonably foreseeable that firearms would be carried during and in relation to a drug transaction involving three kilograms of cocaine, eight pounds of marijuana, and $75,000 in cash even if it was not personally known to you? |
| Lopez-Arias: | Yes, I believe it's reasonable to think that, even though I never knew that they were present. |
| Court:. | Very well.  And so even though you're saying you did not personally know that there would be weapons there, you do agree that it was reasonably foreseeable that weapons could be there because of the quantity of drugs and money that were coming together could be with strangers, is that correct? |
| Lopez-Arias: | Yes. |
| Court: | And do you agree that the Government could prove that beyond a reasonable doubt? |
| Lopez-Arias: | Yes. |
| Court: | Are you guilty of the crimes charged in the indictment? |
| Lopez-Arias: | Yes, I am guilty for the drugs and if I - - you know, if the charge against me is warranted for the firearms that were involved in this transaction, then I will accept it, even though I had no knowledge of that there, that there, that there were firearms involved. |
| Court: | Do you agree one of the coconspirators possessed firearms in connection with this drug transaction? |
| Lopez-Arias: | Yes, I agree because, because it was his girlfriend who told me that he had brought the firearms. |

agreed it was "reasonably foreseeable" that "firearms would be carried during and in relation to" the subject drug transaction, and that his co-conspirator actually possessed firearms during that transaction. Under the rule established in *Pinkerton v. United States*, 328 U.S. 640 (1946), the possession of firearms in violation of 18 U.S.C. § 924(c)(1)(A) is attributable to Lopez-Arias as an act completed by a co-conspirator in the furtherance of the conspiracy. *See United States v. Ramos*, 147 F.3d 281, 286 (3d Cir. 1998); *United States v. Casiano*, 113 F.3d 420, 427 (3d Cir. 1997).[3]

In the *Anders* brief, defense counsel addressed the drug weight used in calculating Lopez-Arias' guideline range. The court included in the calculation drugs found in Lopez-Arias' bedroom following his arrest. At sentencing, Lopez-Arias argued that the drugs were not his, that he had no knowledge of them, and that they may have been placed in his room by a co-defendant. The District Court disagreed, and included in the drug calculating the drugs found in Lopez-Arias' home together with those from the drug transaction, citing the storage of drugs in Lopez-Arias' bedroom as conduct reasonably

---

[3]Moreover, "a district court need not . . . be convinced beyond a reasonable doubt of a defendant's guilt to accept a plea of guilty; it need only find sufficient evidence in the record as a whole to justify a conclusion of guilt." *United States v. Lessner*, 498 F.3d 185, 197 (3d Cir. 2007) (citing *United States v. Cefaratti*, 221 F.3d 502, 509-10 (3d Cir. 2000); *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970) (permitting court to accept defendant's guilty plea over protestations of innocence)). "'The court may make that inquiry by looking to the defendant's own admissions, the government's proffer of evidence, the presentence report, or whatever means is appropriate in a specific case–so long as the factual basis is put on the record.'" *Lessner*, 498 F.3d at 197 (citations omitted). Here, the factual basis on the record–including Lopez-Arias's own statements during his plea colloquy–was sufficient for the court to accept the guilty plea.

foreseeable and collateral to the offense of conviction under U.S.S.G. § 1B1.3, and alternatively, under *Pinkerton* as conduct committed by a co-conspirator. We see no error.

As noted, Lopez-Arias also submitted a brief, raising four issues: 1) the finding of drug quantity was improper, 2) there was no factual basis for his guilty plea, 3) there was a constructive amendment to the indictment, and 4) ineffective assistance of counsel. We have already addressed the first and second issues.

Turning to the third issue, a constructive amendment of an indictment "occurs where a defendant is deprived of his 'substantial right to be tried only on charges presented in an indictment returned by a grand jury.'" *United States v. Vampire Nation*, 451 F.3d 189, 204 (3d Cir. 2006) (quoting *United States v. Miller*, 471 U.S. 130, 140 (1985)). Here, the alteration to the factual basis of the plea agreement did not alter Count Two of the indictment. In both the original and amended plea memorandums, Lopez-Arias admitted to the essential elements of the crime and to his culpability.

Finally, Lopez-Arias raised ineffective assistance of counsel. We do not ordinarily consider ineffective assistance claims on direct review, as such claims are "best decided in the first instance in a collateral action." *United States v. Thornton*, 327 F. 3d 268, 272 (3d Cir. 2003).

For the foregoing reasons, we will affirm the judgment of conviction and sentence. Defense counsel's motion to withdraw is granted.